CECILIO ECHEANDÍA FONT, Petitioner, *v.* SIXTO M. SALDAÑA, WARDEN OF THE INSULAR PENITENTIARY, Respondent.

No. 421. Argued April 13, 1943.—Decided April 27, 1943.

*R. Hernández Vargas* for petitioner. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for respondent.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

On August 25, 1925, the petitioner was confined in the Insular Penitentiary to serve a life imprisonment sentence imposed upon him on that same date by the Arecibo District Court upon conviction of murder in the first degree with attenuating circumstances, and on October 27 of that same year he was sentenced to ten years in the penitentiary for an assault with intent to commit murder. Two years ago, about March 28, 1941, his life imprisonment sentence was reduced to thirty years in the penitentiary. In accordance with the calculation made by the warden of the penitentiary, the petitioner will be entitled to release on April 16, 1945. The basis for this calculation, made by that officer, was the following:

(*a*) that after deducting from the thirty-year term the period of ten months and twelve days spent in prison while awaiting trial, said sentence, thus reduced, started to be counted from the time the petitioner was confined in the Insular Penitentiary on August 25, 1925, and not from the date of its reduction;

(*b*) that the judgment for the assault with intent to commit murder and the sentence imposed for murder, which was the one reduced, were concurrent;

(*c*) that these sentences being concurrent, the petitioner was only entitled to a single deduction of the term, because of good conduct, at the rate of ten days for each natural month; and

(*d*) that for the term of ten months and twelve days spent in prison while awaiting trial, he had no right to any deduction in accordance with our decision in the case of *Pérez v. Saldaña*, 60 P.R.R. 891.

The petitioner contends that said sentences were served by August 30, 1941, and that because of this, his detention since that date is illegal, and because of this, he has filed this petition of habeas corpus, before this court.

The petitioner, in making his own calculation, credits himself with the following deductions:

(*a*) a ten days' deduction with regard to the time served awaiting trial, and

(*b*) another ten days for each natural month on his ten-year sentence, notwithstanding the fact that both sentences are concurrent.

██ Has the petitioner, because of his conduct, a right to have the time of imprisonment while awaiting trial deducted?

In order to give a correct answer to the propounded question we must take into consideration §6362 of the Revised Statutes of 1911 and §1 of the Act of March 14, 1907:

"Section 6362. Whenever a person is accused of any offenses and is placed under bond awaiting trial, but by reason of poverty is unable to secure bondsmen and is therefore held in custody while awaiting trial, and is thereafter sentenced to a term of imprisonment such term of imprisonment shall be reduced by the time already spent in custody from the time of arrest to the time when final sentence is rendered."

"Section 1. On and after April first, nineteen hundred and seven, every prisoner heretofore or hereafter sentenced to imprisonment in the penitentiary or heretofore or hereafter sentenced to imprisonment with labor in the district jails of Porto Rico who observes good conduct and diligence shall be entitled to the following reductions from the term of his sentence, such reductions counting from his admission to the jail or penitentiary when admitted thereto subsequent to April first, nineteen hundred and seven:

"  *        *        *        *        *        *        *

"For a sentence of ten years or more, ten days in each month.

"The said reductions shall be made by the calendar month, and if the sentence of any prisoner contains a fraction of a month, whether at the beginning or at the end of his sentence, a reduction of one day shall be made for each five days or part thereof included within the said fraction." (Comp. Stat. 1911, §2047.)

By §6362 when a person who has been held in custody awaiting trial and later is sentenced to a term of imprisonment "such term of imprisonment shall be reduced by the time already spent in custody from the time of arrest to the time when the final sentence is rendered."

And turning to §1 of the Act of March 14, 1907, it will be noticed that the deduction or reduction will be computed, not from the time that the imprisonment awaiting trial began, but from the time of "his admission to the jail or penitentiary." Since the reduction is computed *from the admission of the prisoner to the jail or penitentiary* and not before, and since the time that he is going to serve is not the total of the sentence passed upon him but what is left to be served, once he is credited with the time already spent in jail while awaiting trial, it is evident that the deduction for good conduct can only be made from the time when he starts to serve the sentence in jail or in the penitentiary, if the case be either a misdemeanor or a felony. Therefore, the deduction can not be made from the total of the sentence passed on him. That the phrase *"from his admission to jail or penitentiary"* does not refer to the time at which the accused is taken into custody to await trial but to that moment at which he starts to serve the final sentence, is proved by the fact that the imprisonment awaiting trial never takes place in the penitentiary, since it is not until after a prisoner has been sentenced to a term in the penitentiary that he can be confined, under any circumstances, to such penitentiary.

In the case of *Aderhold* v. *Ellis,* 84 F. (2d) 543, a statute substantially similar to ours was interpreted to the effect

that the deduction to be made from the term of the sentence should be computed from the first day of confinement in the penitentiary, prison or jail *to serve the sentence,* and that for the effect of such deduction, the time that the accused has spent in prison before the passing of sentence is not taken into account.

Finally the petitioner alleges that our opinions in *Hernández* v. *Saldaña,* 60 P.R.R. 301, and *Pérez* v. *Saldaña, supra,* are conflicting and that such conflict has produced uncertainty in the district courts. ■ Assuming that said contradiction exists, it should not produce any uncertainty at all, since it is well known that when there are two contradictory decisions of the same court, the more recent one revokes the prior one. But actually there is no contradiction between these two cases. If the facts are examined in these two cases, and this is what should be done in order to determine the *ratio decidendi* of a case, it will immediately be noticed that these cases decide different questions. In *Hernández* v. *Saldaña* the only question to decide was the following: In the year 1935 Hernández started to serve a twelve-year sentence in the penitentiary for burglary in the first degree. In 1940, after five years in the penitentiary he was released by habeas corpus proceedings by which the original sentence was declared void. A few days afterwards, he was sentenced to eight years in the penitentiary for the same crime and he immediately started to serve his sentence. The warden credited him with the five years that he had spent in confinement by virtue of the void sentence, but considering those five years as if they had been spent in custody awaiting trial, that is to say, as served before starting to serve the sentence, he refused to make the corresponding deduction for said term of imprisonment. The prisoner then filed a petition for mandamus in the district court, which court issued a writ. The case was appealed to this court and the judgment of the court below was affirmed

and it was ordered that the five-year term that had been served by the petitioner in the Insular Penitentiary because of the void sentence be deducted. We must admit, however, that in the said case of *Hernándnez* v. *Saldaña, supra,* we cited with approval certain language of the inferior court which is not a correct exposition of the law and which language conflicts with what was later decided in the case of *Pérez* v. *Saldaña,* and which we ratify in this opinion.

Petitioner's contention to the effect that he should be credited, because of his good conduct, upon both sentences, that is, the ten-year sentence and the reduced one, is so absurd that we deem it unnecessary to discuss the matter.

The prosecuting attorney in both, his oral and written argument, maintained that the date at which the petitioner would be entitled to be released, will be May 29, 1950, and not April 16, 1945. The prosecuting attorney arrived at this conclusion because it was his opinion that the 30-year term to which the life imprisonment sentence was reduced was to be counted from the date of the reduction on March 28, 1941, and not from the time when he started to serve his life imprisonment term. He also maintained that the petitioner had no right to deduction for good conduct for the term of said sentence which ended March 28, 1941.

As has been seen, even if we take the position asserted by the warden of the penitentiary, which is more favorable to the petitioner than the one proposed by the prosecuting attorney, even then, the petitioner would not be entitled to his release until April 16, 1945. It is evident that if we decided the question proposed by the prosecuting attorney, we would be deciding an academic question. If on April 16, 1945, the warden of the penitentiary shares the opinion now held by the prosecuting attorney, and he then refuses to release the petitioner and the latter brings the matter to the courts, then it will be the proper time to decide this question.

For the above-stated reasons, the petition for habeas corpus is denied.